**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**JULIAN HYSA, et al.,**

                          **Plaintiffs,**                        **ORDER**

              -against-                                 13-CV-6837 (RRM)

**MIDLAND ELECTRICAL CONTRACTING**
**CORP., et al.,**

                          **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion by the non-defaulting defendants ("defendants") to hold defendants George Terzidis ("Terzidis") and Electech Electrical Corp. ("Electech") (collectively, "non-appearing defendants") in civil and criminal contempt. See Letter Motion for Contempt (Mar. 30, 2015) ("3/30/15 Mot."), Electronic Case Filing ("ECF") Docket Entry ("DE") #58. The defendants had previously moved this Court for "an Order formally holding Terzidis in contempt of court," see Motion for Contempt (Mar. 24, 2015) ("3/24/15 Let."), DE #53, but the Court denied the application without prejudice for, among other things, failing to make clear "the precise relief" the defendants were seeking and for neglecting to "set forth the procedures and legal standards that apply to a finding of contempt," see Order (Mar. 25, 2015) ("3/25/15 Order"), DE #54. For the reasons explained below, the Court denies without prejudice defendants' latest motion for contempt, as it suffers from substantially the same deficiencies as their first application and is in violation of the Local Civil Rules.

## DISCUSSION

On November 21, 2014, at defendants' request, this Court so-ordered a subpoena requiring Terzidis to appear on behalf of himself and as a representative of Electech at a deposition on December 8, 2014. See Electronic Order re Subpoena (Nov. 21, 2014). A few weeks later, defendants, who had been in contact with Terzidis, sought, and were granted, an adjournment of the court-ordered deposition, until December 15, 2014. See Electronic Order (Dec. 8, 2014).

On December 22, 2014, plaintiffs moved to compel the deposition of defendants and the non-appearing defendants, noting that Terzidis had failed to appear for his adjourned court-ordered deposition. See Motion to Compel Depositions (Dec. 22, 2014), DE #38.[1] On January 7, 2015, this Court granted plaintiffs' motion (the "1/7/15 Order") and directed defense counsel "to serve a copy of th[e] Order on the defaulting defendants[.]" Order (Jan. 7, 2015), DE #40. The Court further warned Electech and Terzidis "that unless they arrange[d] to and d[id] in fact appear for their depositions, they w[ould] be held in contempt of court and punished accordingly." Id.

The Court heard nothing from defendants on this issue until March 24, 2015 -- more than two months after discovery closed -- when defendants moved for an order of contempt against Terzidis. See 3/24/15 Let. Defendants made this request without citing any case law or statute; they did not set forth any legal standard, nor did they indicate what remedy they

---

[1] It is unclear why defendants did not inform the Court of the non-appearing defendants' contumacious behavior, as defendants were the parties who originally sought and obtained the court-ordered deposition subpoena.

desired or whether defendants sought to hold Terzidis in civil or criminal contempt. See id.[2]
Accordingly, the Court denied defendants' application without prejudice, alerting defendants to those deficiencies. See 3/25/15 Order.

On March 30, 2015, defendants filed the currently pending motion for contempt. See 3/30/15 Mot. Defendants' letter-motion clarifies that they seek to hold both non-appearing defendants, not only Terzidis, in civil and criminal contempt. See id. In support, defendants cite 18 U.S.C. § 401(3), which states, in sum and substance, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." See 18 U.S.C. § 401(3). Defendants argue that the non-appearing defendants' failure to comply with the Court's 1/7/15 Order constitutes "disobedience" within the meaning of 18 U.S.C. § 401(3). See 3/30/15 Mot.

While defendants have cited one statute in support of their application, their perfunctory reference to 18 U.S.C. § 401(3) is woefully inadequate and is not fully responsive to the Court's direction that they set forth the applicable "procedures and legal standards." 3/25/15 Order. For example, defendants treat civil and criminal contempt as interchangeable, even though they implicate different legal standards and burdens of proof. See 3/30/15 Mot. Moreover, defendants fail to acknowledge or address the limitations of a magistrate judge's authority on a motion for contempt. See generally 28 U.S.C. § 636(e). Nor do defendants offer any evidence, such as an attorney's affidavit, in support of their motion.

---

[2] Defendants also failed to docket the March 24, 2015 application into ECF as a motion, despite repeated reminders from the Court. See 3/25/15 Order at 1.

-3-

In addition, as the record now stands, it appears that defendants' motion for contempt does not comply with Local Civil Rule 83.6, which requires that service of a civil contempt motion on defaulting parties be made "personally, together with a copy of [] Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6; see also id. (mandating that a civil contempt motion include an affidavit setting forth "with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as the amount of damages as may be available to the moving party."). Indeed, for all that appears in the record, defendants may not have effected *any* service of their motion for contempt on the non-appearing defendants, let alone service in compliance with the requirements of Local Civil Rule 83.6 and the Federal Rules of Civil Procedure. See 3/30/15 Mot. at 2, DE #58 at 2 (copying only plaintiffs' counsel on their contempt motion).

For the above reasons, defendants' motion to compel is – yet again – denied without prejudice. Defendants are warned that any subsequent motion to compel must address and apply the relevant legal standards and be properly served on the non-appearing defendants. Failure to do so may result in a denial of the motion with prejudice.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**May 1, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**